NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ALBERT POWERS, PETITIONER, v. Y. M. C. A. OF
BAYONNE, RESPONDENT.

Decided July 14, 1939.

For the petitioner, *Maurice M. Krivit.*

For the respondent, *A. Lionel Reid.*

\*        \*        \*        \*        \*        \*        \*

1. Petitioner testified that he was employed by the respondent as a pin boy in the bowling alleys and that his average earnings approximated $10 per week.

2. While engaged in this employment on the 28th day of February, 1938, and working in what is described as a pit where the pins are set up, a fellow employe by the name of Ernest Melofcheck tossed one of the bowling balls to him in a manner unexpected as a result of which petitioner sustained an injury involving the right small finger. Petitioner was thereafter treated by Dr. Frank of the city of Bayonne. Petitioner stated this action on the part of his fellow employe was not necessary for the carrying out of the duties of either employe. The testimony of Ernest Melofcheck was accepted by stipulation of counsel in the form of a statement executed by Ernest Melofcheck March 22d, 1938. This statement was introduced in evidence as *Exhibit R-1*. It appears from the aforementioned statement that Melofcheck in a spirit of skylarking, or as is expressed in the statement, "on the impulse of the moment," threw the ball to the petitioner in the manner described above.

. The respondent denies the accident incurred by the petitioner arose out of and in the course of his employment and alleges the injury was incurred as a result of skylarking.

Counsel for petitioner admits such is the proper statement of facts but alleges that petitioner is entitled to compensation on the grounds that petitioner was the innocent victim and did not partake in the skylarking. This issue, however, has been decided in the case of *Hulley* v. *Moosbrugger* (1915), 88 *N. J. L.* 161; 95 *Atl. Rep.* 1007, and *Colucci* v. *Edison Portland Cement Co.* (1920), 94 *N. J. L.* 542; 111 *Atl. Rep.* 4. I am of the opinion, therefore, that the employer is not liable to make payment of compensation for an injury to the petitioner as the result of horse-play or skylarking whether the injured instigated the occurrence or took no part in it. While such an accident under these circumstances may arise in the course of the employment, it cannot be said to arise out of the employment.

It is, therefore, ordered the petition filed herein be and the same is hereby dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*